### COFFIN *et al.* *v.* PARKER *et al.*

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

MORTGAGES—PRIORITY—SEPARATE AND BLANKET MORTGAGES ON SEVERAL PARCELS.

> Plaintiffs were owners of one of 14 houses and lots, on which there was a general mortgage. On each of the lots there was a separate prior mortgage. Each lot was worth more than the amount of such mortgage and its share of the general mortgage. Defendant, who owned eight of the lots, and held the general mortgage, was seeking to avoid the general lien on his lots by having them sold under foreclosure of the prior mortgages, and thus throw the burden of the general mortgage on the other lots. *Held,* that a judgment that each lot pay its proportion of the general mortgage, and that plaintiffs may pay the amount due on the mortgage, and collect the amount due from each lot-owner, would not be disturbed.

Appeal from special term, Kings county; CULLEN, Justice.

This action is brought by Edward H. Coffin and Howard S. Jones against Asa W. Parker, Sophie G. Parker, his wife, Josiah S. Packard, Ralph G. Packard, Maria A. Mahen, Maria B. Pundt, and others, to determine the amount due on a blanket mortgage covering 14 separate houses and lots owned by different persons, to apportion the same upon the lots according to value, and to allow plaintiffs, who are owners of one lot, and such of the defendants as are owners of other lots who desire to do so, either to pay their share and be released, or to redeem and pay the whole, and then collect the share of the lots not paying from those lots or owners thereof. There were on the lots separate prior mortgages which the defendant Parker, who owned the blanket mortgage and eight of the lots, was having foreclosed, and thereby throwing on plaintiffs' property the entire burden of the general mortgage. It appeared that each lot was worth much more than the amount of the mortgage thereon and its share of the general mortgage. From the judgment granting plaintiffs' prayer for relief, the defendants Parker and wife and the Packards appealed.

Argued before BARNARD, P. J., and PRATT, J.

W. S. Logan, for respondents Coffin and Jones. Bristow, Peet & Opdyke and Wm. Peet, for respondents Pundt and Brown.

BARNARD, P. J. It is difficult to see what grievance the appellants have against this judgment. Fourteen lots of land, each subject to a separate lien by mortgage, were made subject to a general lien by mortgages of $14,000 subsequent thereto. The lots had passed away from the mortgagor, and a title to one was held by plaintiff, and of three others to defendants, appellants. The plaintiff applied to the defendant Parker, who held the $14,000 mortgage. and who also held the title to eight of the lots by title acquired subsequent thereto, and which were really subject to its payment, to contribute ratably

thereto. Parker refused, and this action is brought to compel its payment in that way. The decree provides that the lots shall each bear a definite burden, found by the decree; that there is no priority as to the $14,000 mortgage as between the lots; and that all are equally subject to its payment. There is no point made that the values are incorrect, or that the equality of lien is not just; but the decree provides that the plaintiff may pay the $14,000, and that the holder assign it to him; that each lot then pay its proportion in common with plaintiff's lot; and that the lot of a defaulting owner may be sold to pay his proportion. The appellants seem to urge, as an injustice and an inequality in the decree, that the plaintiffs are compelled to pay out a large sum of money to take up a mortgage which covers other property than his own lot. The plaintiff does not complain; and, if there is any risk of loss, the plaintiff assumes it. The appellants are required to pay only their fair proportion; and, if they do that, it is immaterial to them whether the others pay or not. These lots are not to be sold except for the amount properly charged upon them severally. It is not a good ground for reversal that the plaintiffs may not take up the mortgage. They have asked to do so, and the right has been accorded to them. The protection of those interested demands that they do so. There is no reason to doubt their good faith. There is no suggestion of such an intent; and, if such a result happens, the remedy is not by alleging error, but for application to be made to the court in view of the fact of such refusal. The judgment should be affirmed with costs.

PRATT, J., concurs.